IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY LUCRETIA CLARK,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0909 |
| | : | |
| SOFI, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**Marston, J.**                                                                                           **June 4, 2025**

*Pro se* Plaintiff Joy Lucretia Clark initiated this civil action by filing a Complaint against

SoFi Bank ("SoFi") and One Main Financial ("One Main").[1]  (Doc. No. 2.)  She seeks leave to

proceed *in forma pauperis*.  (Doc. No. 1.)  For the following reasons, the Court will grant Clark

leave to proceed *in forma pauperis* and dismiss her Complaint under 28 U.S.C. §1915(e)(2)(B).

I.      FACTUAL ALLEGATIONS[2]

Clark states that she applied for a personal loan from SoFi and supplied her social

security number in the application process.  (Doc. No. 2-1 at 1.)  Clark says that she

---

[1] Clark submitted a form complaint (Doc. No. 2) with attachments, including a letter addressed to "SoFi Compliance Department" that Clark relies on to convey the factual and legal claims for this civil action.  (*See* Doc. No. 2-1 at 1.)  The Court will consider these documents together to constitute Clark's Complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] This lawsuit is one of six civil actions Clark has filed since October 2024—five of which were filed in a single ten-day period—that allege wrongdoing by various banks, credit reporting agencies, and lenders related to her finances.  *See Clark v. Navy Fed. Credit Union*, No. 24-cv-5446 (E.D. Pa.); *Clark v. Experian*, No. 25-cv-0792 (E.D. Pa.); *Clark v. TD Bank*, No. 25-cv-0881 (E.D. Pa.); *Clark v. Dep't of Educ.*, No. 25-cv-0883 (E.D. Pa.); *Clark v. PNC Bank*, No. 25-cv-0885 (E.D. Pa.).  The injuries alleged in this action (negative impact on credit, "hardship," "pain [and] suffering") echo the complaints of injury in her other actions, as does her invocation of unrelated Uniform Commercial Code provisions and submission of a "Power of Attorney in Fact" document that purports to name herself as her own power of attorney.  In all cases adjudicated thus far, Clark has failed to plead a clear legal basis for proceeding on any claims.  *See Clark v. Navy Fed. Credit Union*, No. 24-cv-5446, Doc. No. 15 (May 27, 2025 Order dismissing case for failure to state Fair Credit Reporting Act or Truth in Lending Act claims); *Clark v. Experian*, No. 25-cv-0792, Doc. No. 6 (May 16, 2025 Order dismissing Fair Credit Reporting Act and

subsequently received a written denial of her application.  (*Id.*)  Clark prepared a letter addressed

to the "SoFi Compliance Department."  (*Id.*)  In her letter, which forms the basis of her

allegations in the instant case, she contends that SoFi's rejection stated that "the reporting

agencies played no part in [the] credit decision and that specific reasons for denying credit to

[her] could not be supplied."  (*Id.*)  Clark states that "[t]his situation has left [her] questioning the

purpose for which [her] social security number was used."  (*Id.*)  She claims that she contacted

customer service at SoFi but was told that no underwriter was available to discuss her concerns.

(*Id.*)  Clark speculates that "SoFi may have used [her] social security number and signature to

create a security without providing [her] the loan [she] applied for."  (*Id.*)  She requests that the

SoFi Compliance Department address the "matter [ ] promptly," and for the company to provide

information "pertaining to the creation of this security using [her] personal information."  (*Id.*)

She further asserts that "the Board of Governors of the Federal Reserve System grants or rejects

applications for notes and supplies to banks, which indicates that banks and financial institutions

do not directly lend money."  (*Id.*)  She relies on various federal statutes and "state usury laws"

to support that contention.  (*Id.*)

Clark filed this civil action in February 2025, claiming as injuries "credit [a]ffected,

hardship, pain[, and] suffering."  (Doc. No. 2 at 5.)  Her Complaint's prayer for relief requests

that "[s]ecurity created from [her] social security number need[s] to be returned to [her];"

---

state law claims); *Clark v. TD Bank*, No. 25- cv-0881, Doc. No. 8 (May 27, 2025 Order dismissing claims alleged under the Gramm-Leach-Bliley Act, the Massachusetts Data Breach Notification Law, and the New York Shield Act); *Clark v. Dep't of Educ.*, No. 25-cv-0883, Doc. No. 6 (May 29, 2025 Order dismissing claims alleged under the Higher Education Act, Federal Trade Commission Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Civil Rights Act of 1964, and Fair Credit Reporting Act).

"[e]nforcement under the law need[s] to be applied to this corporation;" and "claim of liability

for their dishonesty bond." (*Id.*)[3]

## II.    STANDARD OF REVIEW

Because Clark appears to be incapable of paying the filing fees to commence this action,

the Court will grant Clark leave to proceed *in forma pauperis*.  When allowing a plaintiff to

proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it

determines, among other things, that the Complaint is frivolous or fails to state a claim.  *See* 28

U.S.C. § 1915(e)(2)(B)(i)–(ii).  A complaint is frivolous if it "lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous"

in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual

allegation." *Id.*  A claim is legally baseless if it is "based on an indisputably meritless legal

theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

In assessing the Complaint under § 1915(e)(2)(B)(ii), the Court must determine whether

the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se*

complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether

the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v.

United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by

Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.

*Iqbal*, 556 U.S. at 678.

---

[3] Clark also attached to her Complaint an apparent January 29, 2025, email from OneMain about "loan request(s)" Clark had made.  (Doc. No. 2-1 at 2–4.)  The email notified Clark that OneMain denied her application, giving the reason for denial as "[n]o credit file."  (*Id*. at 3.)

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## III.    DISCUSSION

Clark claims that when SoFi denied her loan request and told her the reporting agencies did not play a part in the denial, it made her question SoFi's use of her social security number and her signature. (Doc. No. 2-1 at 1.) She also appears to contend that the Federal Reserve's Board of Governors decides "applications for notes and supplies to banks, which indicates that banks and financial institutions do not directly lend money." (*Id.*) To support her assertion about how the lending system works, she relies on the National Currency Act of 1863, the Federal Deposit Insurance Act, the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act, "federal funding limits," and "state usury laws." The Court concludes that her claims are legally baseless and will dismiss them under 28 U.S.C. § 1915(e)(2)(B).

### A.    OneMain

Clark names OneMain as a Defendant in her Complaint (*see* Doc. No. 2 at 3), but she has not alleged any facts or claims against it. When completing the "Statement of Claim" section in the form Complaint, Clark refers the Court to an "attachment with full description." (*Id.* at 4.) The only attachment containing any description is an apparent letter to "SoFi Compliance Department." (*See* Doc. No. 2-1 at 1.) The facts and claims she makes in that document are directed solely to SoFi. (*Id.*) By contrast, the inclusion of a copy of an email from OneMain apparently denying a loan cannot on its own suggest facts and claims for a civil complaint. (*See*

Doc. No. 2-1 at 2–4.) *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F.

App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the

necessary factual allegations from one of the many exhibits appended to the complaint."); *see*

*also Berkery v. Credit Collection Servs.*, No. 21-cv-3809, 2021 WL 4060454, at *2 (E.D. Pa.

Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching

exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual

matter, accepted as true, to state a claim for relief that is plausible on its face.").  Because the

Complaint is devoid of any factual or legal claims against OneMain, the Complaint will be

dismissed as to that Defendant because it does not state a claim pursuant to § 1915(e)(2)(B)(ii).

    **B.**    **SoFi[4]**

        **1.**    **National Currency Act of 1863**

Clark invokes the National Currency Act of 1863, but it does not apply here.  That Act,

which was replaced by the National Bank Act of 1864, "prohibited actions such as 'transfer of

bank assets in contemplation of insolvency or with a view to preferring one creditor of the bank

over another.'" *Turner v. E. Sav. Bank, FSB*, No. 09-cv-2637, 2010 WL 1409858, at *2 (D. Md.

Apr. 2, 2010) (quoting *Third Nat'l Bank v. Impac Ltd., Inc.*, 432 U.S. 312, 316 (1977)).  Nothing

in the Complaint remotely suggests a violation of the Act's provisions.  *See McLean v. Sumitra*,

---

[4] The Court cannot discern from the Complaint whether Clark intends to assert as a separate claim her apparent contention that the Federal Reserve Board of Governors directs the levers of the lending process by controlling the money supply to banks. (Doc. No. 2-1 at 1.)  To the extent that she does, the Court will dismiss it as frivolous under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").  In addition, the Court will dismiss any claims she might seek to raise under "[f]ederal funding limits" and unspecified "[s]tate usury laws" for failure to state a plausible claim against either Defendant. *See Stevens v. Braselton*, No. 07-cv-0626, 2007 WL 690031, at *2 (D. Minn. Mar. 5, 2007) (explaining that, to state an actionable claim, a plaintiff must allege "a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant, based on some settled legal principle or doctrine").

No. 23-cv-22842, 2024 WL 4319617, at *9 (D.N.J. Sept. 27, 2024) (dismissing claim alleged

under National Currency Act where complaint alleged no facts that supported a violation).  This

ground will be dismissed because any such claim under the National Currency Act is legally

baseless.  *See Deutsch*, 67 F.3d at 1085 (noting that an indisputably meritless legal theory may

be dismissed as frivolous).

### 2.      Federal Deposit Insurance Act

To the extent Clark wants to pursue a claim under the Federal Deposit Insurance Act, 12

U.S.C. § 1811 *et seq.*, it cannot proceed, either.  Neither the Federal Deposit Insurance Act nor

its implementing regulations "provide a private right of action for individuals who are allegedly

harmed by an institution's non-compliance with [the] Act."  *Mcquennie v. Wells Fargo*

*Institutional Retirement Servs.*, No. 22-cv-00557, 2022 WL 22235565, at *5 (E.D. Cal. Aug. 12,

2022); *see, e.g.*, *Hassan v. U.S. Fed. Deposit Ins. Corp.*, No. 23-1113, 2024 WL 1132244, at *2

(2d Cir. Mar. 15, 2024) (*per curiam*) (finding no error with dismissal of claim under the Federal

Deposit Insurance Act in absence of authority permitting private cause of action); *Salt Lick*

*Bancorp v. Fed. Deposit Ins. Corp.*, 187 F. App'x 428, 437 (6th Cir. 2006) (affirming dismissal

of claim brought under 12 U.S.C. § 1823(c)(1) because the statute "lacks the sort of right or duty

creating language that demonstrates a congressional intent to create a private right of action"

(internal quotation omitted)); *Gress v. PNC Bank, Nat'l Assoc.*, 100 F. Supp. 2d 289, 294 (E.D.

Pa. 2000) (concluding that 12 U.S.C. § 1829b "was not 'intended to create, either expressly or by

implication, a private cause of action'" (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560,

575 (1979))).  Because it does not create a private right of action, Clark cannot bring a claim

pursuant to the Act to enforce its provisions.  Accordingly, this claim will be dismissed as

lacking an arguable basis in law.  *See Deutsch*, 67 F.3d at 1085.

### 3. TILA

The TILA, 15 U.S.C. § 1602 *et seq*., regulates "the relationship between lenders and

consumers . . . by requiring certain disclosures regarding loan terms and arrangements."

*McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). "TILA's express purpose

is to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare

more readily the various credit terms available to him and avoid the uninformed use of credit.'"

*Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quoting 15 U.S.C. § 1601(a)).

To state a claim for a TILA violation, a plaintiff must state "with requisite specificity which

charges and fees were not properly disclosed and why certain charges and fees are not bona fide

and are unreasonable in amount." *Wilson v. RoundPoint Mortg. Servicing Corp.*, No. 21-cv-

19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022) (internal quotation omitted). "Without

more, such assertions are merely 'bald assertions' and 'legal conclusions' without any factual

support." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d

Cir. 1997)).

Clark cites to the TILA in her letter to the "SoFi Compliance Department" to support her

assertion that "the Board of Governors of the Federal Reserve System grants or rejects

applications for notes and supplies to banks, which indicates that banks and financial institutions

do not directly lend money." (Doc. No. 2-1 at 1.) Her citation of the statute does not state a

plausible claim under the TILA.

Even employing a liberal construction of the *pro se* Complaint and considering the full

panoply of Clark's allegations in the Complaint, the Court concludes Clark has not pleaded any

facts that could possibly constitute a TILA claim. Here, she asserts that she applied for a loan,

but that she "received a denial letter stating that the reporting agencies played no part in [the]

credit decision and that specific reasons for denying credit to [her] could not be supplied." (*Id.*) Considering what is required to plead a TILA cause of action, Clark makes no allegations at all, let alone specific ones, that SoFi did not disclose charges and fees with loan terms or that such fees are unreasonable. *See Wilson*, 2022 WL 3913318, at *5. By her own admission, SoFi did not grant her a loan—and thus, no terms for potential credit would have been operable and liability would not be imposed under the TILA. *See Shahin v. PNC Bank*, No. 13-cv-1404, 2015 WL 167180, at *2 (D. Del. Jan. 13, 2015) (concluding that plaintiffs failed to plead facts giving rise to defendant's liability under TILA where loan was denied, as TILA requires "an obligation on a lease or credit transaction" (citing 15 U.S.C. § 1640(a))). Considering all the facts and claims Clark has pleaded in this Complaint, no TILA claim is plausible.

### 4.      Equal Credit Opportunity Act

Clark also references the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, in her letter to the "SoFi Compliance Office." (Doc. No. 2-1 at 1.) That Act prohibits a creditor from discriminating against "any applicant with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age . . . (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a). Clark claims that the statute supports her beliefs about how the lending process works in that banks and financial institutions "do not directly lend money." (Doc. No. 2-1 at 1.) As noted above, *supra* n.4, the Complaint fails to state a plausible claim based on Clark's apparent beliefs about how the lending system works.

Once again affording generous construction, the Court has considered the full extent of the allegations in the Complaint and concludes that Clark fails to allege a plausible claim under

8

the Equal Credit Opportunity Act.  Clark states that after SoFi denied the loan and notified her

that it did not use credit agency information in its decision, "[t]his situation [ ] left [her]

questioning the purpose for which [her] social security number was used."  (Doc. No. 2-1 at 1.)

She theorizes that the bank "may" have obtained a security by using it.  (*Id*.)  Not only are these

bareboned allegations entirely supposition, but there is nothing tethering them to a legal claim

under the Equal Credit Opportunity Act.  The Complaint contains no allegation that Clark was

denied credit due to her race, color, religion, national origin, sex, marital status, or age, or due to

any participation in public assistance programs or a good faith exercise of any right afforded

under federal law.  *Hines v. Chase*, No. 24-cv-676, 2025 WL 1019620, at *3 (D. Del. Apr. 4,

2025).  It further lacks any facts from which the Court could plausibly infer that SoFi allegedly

denied credit on one of the prohibited grounds.  *Id.*  Clark does not even claim that SoFi wrongly

denied her credit.  Her assertion of potential wrongdoing is rooted in the mere suspicion that

someone misused her personal information, which is clearly not the same as lending

discrimination under the Equal Credit Opportunity Act.  The Court will accordingly dismiss the

claim because Clark has not plausibly pleaded any facts that could lead to an inference of

discrimination under the Act.

## IV.    CONCLUSION

Reading the Complaint as a whole and construing in the light most favorable to Clark, the

Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  No leave to amend will

be granted because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d

103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.